UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ONE WEST OWNERS ASSOCIATION, a Washington nonprofit corporation,<br><br>Plaintiff,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY, an Illinois corporation,<br><br>Defendant. | Case No. C16-225RSM<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL |

## I.       INTRODUCTION

This matter comes before the Court on Plaintiff One West Owners Association ("the Association")'s Motion to Compel. Dkt. #24. Although originally noted for consideration on May 26, 2017, this Motion was renoted by the Association for consideration on June 16, 2017. Dkt. #27. The Association moves the Court to compel Defendant Allstate Insurance Company ("Allstate") to produce its entire claim file without redactions for attorney client privilege. *Id.* Allstate fails to respond to the Association's Motion. For the reasons set forth below, the Court GRANTS Plaintiff's Motion.

//

//

ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL - 1

## II.    BACKGROUND

A full background of this case is not necessary for the purposes of this motion.  The Association alleges that Allstate insured the One West Condominium from 1986 to 2002 and from 2006 to 2014.  Dkt. #1-2.  In 2012, the Association tendered an insurance claim to Allstate.  *Id.*  After conducting an investigation, Allstate denied the Association's claim.  *Id.*  In January 2016, the Association filed suit against Allstate for breach of contract and insurance bad faith.  *Id.*  On March 8, 2017, in response to the Association's First Interrogatories and Requests for Production, Allstate produced a portion of the One West claim file; however, several documents were either withheld or redacted on the basis of attorney-client privilege. Dkt. #25 at 2.  Based on subsequent conversations with Allstate's counsel, the Association learned that the withheld documents consist of a letter from attorney Robert Riede, as well as entries in the claim notes based on this letter.  *Id.*  Allstate has not produced a privilege log regarding the basis for its refusal to produce the redacted or removed documents.  *Id.* Additionally, Allstate has provided no other identifying information about the documents, such as the date the documents were drafted, the title of the documents, or a description of the documents' contents.  *Id.*

## III.    DISCUSSION

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).  If requested discovery is not answered, the

ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL - 2

requesting party may move for an order compelling such discovery. Fed. R. Civ. P. 37(a)(1). The party that resists discovery has the burden to show why the discovery request should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

The Association argues that, pursuant to *Cedell v. Farmers Ins. Co. of Washington*, 176 Wn.2d 686, 295 P.3d 239 (2013), there is no presumption of attorney-client privilege in first party insurance bad faith claims. Dkt. #24 at 2. The Association discusses situations where attorney client privilege could be claimed, but argues that Allstate has failed to rebut the above presumption. *Id.*

The Court finds that Association has presented sufficient evidence of Allstate's inadequate discovery responses to justify Court action. Allstate has failed to meet its burden of showing why the discovery request should be denied, and Allstate's failure to respond to this Motion is considered by the Court as an admission that the Motion has merit. *See* LCR 7(b)(2). Accordingly, the Court grants the Association's Motion.

## IV.   CONCLUSION

Having reviewed the relevant briefing, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS Defendant Allstate Insurance Company to produce its entire claim file, without redaction, to the Association's counsel within **seven (7) days** of entry of this Order.

DATED this 22nd day of June 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL - 3